IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY CUTLER | : | CIVIL ACTION |
| | : | NO. 17-984 |
| v. | : | |
| | : | |
| AMBER GREEN, et al. | : | |

## MEMORANDUM AND ORDER

AND NOW, this 22nd day of March, 2017, upon consideration of the emergency motion to vacate order and summary judgment (Dkt. No. 3) by plaintiff[1] Jeffrey Cutler, who is proceeding pro se[2], it is ORDERED that the motion is DENIED for the reasons that follow.

Mr. Cutler, who identifies himself as the "East Lampeter Township Elected Tax Collector," filed this suit on March 3, 2017. Dkt. No. 1. In his motion filed on March 20, 2017, he asserts that he brought this action "to defend the Constitution and protect the taxpayers and himself from irreparable harm." Dkt. No. 3 at ECF p. 3 (emphasis and capitalization omitted). He asks the court for "immediate injunctive relief and summary judgment in this case."[3] Id. at ECF p. 9 (emphasis and capitalization omitted).

---

[1] Although in his complaint and amended complaint Mr. Cutler refers to himself as the defendant in this action, he filed the action and is thus the plaintiff.

[2] Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

[3] To the extent that plaintiff's "emergency" motion can be liberally construed as seeking a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court cannot grant plaintiff such relief because he has not certified in writing any efforts he made to give notice to the adverse parties and the reasons why it should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Rule 65(b)(1) provides that

> [t]he court may issue a temporary restraining order without written
> or oral notice to the adverse party or its attorney only if:

In Mr. Cutler's motion, he complains about actions undertaken by Judge Margaret Miller in a case in the Court of Common Pleas for Lancaster County.[4] Dkt. No. 3 at ECF p. 1.  Mr. Cutler contends that, after a secret hearing" on March 7, 2017, id. at ECF p. 1 (emphasis in original), "Judge Miller issued a ruling on 15MAR2017 [sic] stopping Mr. Cutler from doing his job and freezing his bank accounts." Id. at ECF p. 2.  He then complains that during a hearing on March 17, 2017, "Judge Miller was clearly confused and in error about the case material." Id. at ECF p. 3.  Consistent with the attachments to Mr. Cutler's motion, on March 17, Judge Miller entered an Order which, inter alia, required Fulton Bank to "continue to freeze Defendant Jeffrey Cutler's Tax Collector Account," enjoined Mr. Cutler "from performing any duties as Tax Collector for East Lampeter Township," and required Mr. Cutler to "deliver all books and records associated with his tax collection duties to the Lancaster County Controller within ten (10) days of the date of th[e] Order." Id. at ECF p. 31-32.

---

> (A) specific facts or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).  To date, plaintiff has not filed such a certification with the Court.
    Nor, for that matter, has Mr. Cutler yet provided the Court with proof that defendants have been served with his amended complaint.  Mr. Cutler is reminded that Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).
    [4]    Although he does not specifically identify the case in the body of his motion, the motion also attaches a number of documents which appear to be filings in East Lampeter Township v. Jeffrey Cutler (Lancaster Cnty. Ct. Comm. Pleas Dkt. No. CI-15-05424).  See, e.g., Dkt. No. 3 at ECF p. 17-18 (Order and Rule to Show Cause), id. at ECF p. 19-25 (East Lampeter Township's Petition for Special Injunction and to Supplement the Record).

Mr. Cutler contends that Judge Miller's actions– allegedly taken between the date on which he filed this action and the date on which he filed the instant motion – "demonstrate a violation of the fourteenth amendment to the United States constitution, equal protection [sic]," claiming that "[t]he transcript of the Hearing Arguments for [the Lancaster County] case is not available," and "[t]he judge made a ruling (within 10 minutes) without all the case material reviewed properly." Id. at ECF p.3. He asserts that "[t]he rapid dates and short periods is [sic] an effort to prevent Mr. Cutler from appearing in front of the Supreme Court of Pennsylvania and incarcerate and assassinate him in prison, by finding him in contempt of court." Id.

In his amended complaint in this action, Mr. Cutler asks this Court to, inter alia, "Order Judge Miller . . . to Cease and Desist any effort to rule on case Cl-15-0524 and disclose all conversations, meeting minutes and parties involved in trying to circumvent the Pennsylvania Supreme Court and violate Mr. Cutler's civil rights." Dkt. No. 2 at ECF p. 9. He also contends that Judge Miller had no legal authority to enter an order allowing his counsel to stop representing him and asks this Court to order Judge Miller to vacate that order. Id.

To the extent that plaintiff's motion asks me to undo certain decisions of the Lancaster County Court of Common Pleas in the case brought against him by East Lampeter Township, I must abstain under Younger v. Harris, 401 U.S. 37 (1971), a decision which prevents federal courts from enjoining pending state proceedings absent extraordinary circumstances.[5] See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982). The Court must abstain where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal

---

[5] The court may raise the issue of Younger abstention sua sponte. See O'Neill v. City of Phila., 32 F.3d 785, n.1 (3d Cir. 1994).

claims."[6] Middlesex County, 457 U.S. at 432; Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992). A case is considered "ongoing" so long as a party has yet to exhaust state appellate remedies. O'Neill v. City of Phila., 32 F.3d 785 (3d Cir. 1994), quoting Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) ("'[A] necessary concomitant of Younger is that a party must exhaust his state appellate remedies before seeking relief in the District Court.'").

With respect to the first prong of Younger, it appears from Mr. Cutler's own submissions that there are pending state court proceedings involving him which raise issues directly related to the issues he raises in this matter. See, e.g., Dkt. No. 3 at ECF p. 17-18 (Order and Rule to Show Cause), id. at ECF p. 19-25 (East Lampeter Township's Petition for Special Injunction and to Supplement the Record). As for the second prong, these state court proceedings undoubtedly implicate East Lampeter Township's legitimate interest in the collection of tax revenue. See Dkt. No. 3 at ECF p. 19-23 (East Lampeter Township's Petition for Special Injunction and to Supplement the Record). East Lampeter Township contends that Mr. Cutler "issued unauthorized tax bills to the residents of East Lampeter Township," that he "continues to fail to reconcile bank statements and keep proper books, records, and accounts of all money collected by him as taxes" and that he "repeatedly fails to provide timely tax certifications to title companies and others upon request." Id. at ECF p. 21. With respect to the third prong, to the extent that Mr. Cutler's motion raises federal constitutional objections, he is not unable to raise his claims in the ongoing state court proceeding. See Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 17

---

[6] The only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230 (1972), citing Younger v. Harris, 401 U.S. 37, 46–54 (1971). It does not appear to the Court that any of these exceptions have been met.

(1987) ("Article VI of the United States Constitution declares that 'the Judges in every State shall be bound' by the Federal Constitution, laws, and treaties."). Indeed, it appears that plaintiff's has asserted violations of his right to due process and the fourteenth amendment in his filings in the state court proceeding.  See Dkt. No. 3 at ECF p. 29.

      Because it appears that all three Younger elements are met, I must abstain and therefore cannot grant plaintiff the relief he seeks in his emergency motion.

                                                     *s/Thomas N. O'Neill, Jr.*
                                                  THOMAS N. O'NEILL, JR., J.