# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY CUTLER | : | CIVIL ACTION |
| | : | NO.  17-984 |
| v. | : | |
| | : | |
| AMBER GREEN, et al. | : | |

O'NEILL, J.                                                                                     July 10, 2017

## **MEMORANDUM**

Now before me in this case are motions to dismiss by defendants Ralph Hutchinson, Dkt. No. 14, the Honorable Margaret Miller, Dkt. No. 19, and Amber Green and Christina Hausner. Dkt. No. 34.  Also before me are three motions by plaintiff Jeffrey Cutler,[1] who is proceeding pro se,[2] seeking to "combine cases" and "summary judgment."  Dkt. No. 21, Dkt. No. 32, and Dkt. No. 35.  Hutchinson has filed responses in opposition to plaintiff's motions for summary judgment and to combine cases, Dkt. No. 24 and Dkt. No. 33, as have Judge Miller, Dkt. No. 28 and defendants Christina Hausner and Amber Green.  Dkt. No. 30, Dkt. No. 36.  Mr. Cutler has also filed a document which he calls a "response to Judge's order of 10Mar2017 and Summary Judgment," Dkt. No. 22, a document which he calls an "addendum to response to Judge's Order of 10Apr2017 and summary judgment," Dkt. No. 29, and a "response to opposition to motion for summary judgment."  Dkt. No. 31.  Finally, on June 15, 2017, Mr. Cutler filed yet another motion to combine cases which also seeks a default judgment.  Dkt. No. 37.  No defendant has filed a response to this motion.

For the reasons that follow, the Court will deny Mr. Cutler's motions, grant defendants'

---

[1]         Although in his complaint and amended complaint Mr. Cutler refers to himself as the defendant in this action, he filed the action and is thus the plaintiff.

[2]         In his amended complaint, Mr. Cutler alleges that he "terminated his lawyer because he believes he was coerced or bribed and was not working in his best interest, and was trying to get him to plead guilty to a crime he did not commit . . . ."  Dkt. No. 2 at ECF p. 6.

motions and dismiss Mr. Cutler's claims.

**BACKGROUND**

Mr. Cutler's complaint, amended complaint and his subsequent filings are not a model of clarity.[3] In his amended complaint, Mr. Cutler, who identifies himself as the "East Lampeter Township Elected Tax Collector," seeks declaratory and injunctive relief against defendants Amber Green, Ralph Hutchinson, Judge Margaret Miller, Christina Hausner, Ron Martin, a local news station (WGAL) and selected unidentified Pennsylvania public officials. See Dkt. No. 2. He alleges that there is a conspiracy to remove him from his elected position as a tax collector in East Lampeter Township, Pennsylvania, see Dkt. No. 2 at ECF p. 1, and invokes the protections of the First Amendment of the U.S. Constitution, Dkt. No. 2 at ECF p. 6, along with the Fifth and Fourteenth Amendments, 42 U.S.C. § 1983 and 18 U.S.C. § 1346. Dkt. No. 2 at ECF p. 7. Plaintiff also argues that the "only way to remove an elected official is specified in Article VI, Section 7 of the Pennsylvania Constitution." Dkt. No. 2 at ECF p. 6-7.

Mr. Cutler alleges that "as the legally elected Tax Collector of East Lampeter Township[, he] collects real estate taxes for the municipality and deputized the Conestoga Valley School System (CV) to collect the school taxes, for residents of East Lampeter Township . . . ." Dkt. No. 2 at ECF p. 4. His amended complaint makes reference to "[a] lawsuit in [m]andamus filed by East Lampeter Township." Id. The action in question, a mandamus action filed in the Court of Common Pleas for Lancaster County on June 19, 2015, sought "to have Cutler comply

---

[3]     Indeed, although it will not do so, this Court "is somewhat tempted to dismiss the Amended Complaint [simply] for failing to provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Aristeo v. Raines, No. 15-4115, 2016 WL 43050568, at *2 (D.N.J. Feb. 3, 2016) quoting Fed. R. Civ. P.(8)(a)(2). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" Cohen v. Wagner, No. 13-674, 2014 WL 199909, at *5 n.5 (E.D. Pa. Jan. 16, 2014), quoting United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

with local tax collection law 72 P.S. Sec §5511.1 et seq[.] . . . ." Dkt. No. 14-2 at ECF p. 2, citing Dkt. No. 14-1 (Hutchinson Ex. A (Mandamus Compl.)).[4] More specifically, the action sought to have Mr. Cutler establish a physical office, appoint a deputy tax collector, comply with recordkeeping and reporting requirements and provide documentation to the township. Dkt. No. 19 at ECF p. 5, citing Dkt. No. 19-1 (Miller Ex. A (Mandamus Compl.)).

In this action, Mr. Cutler's complaints against defendants are numerous. He alleges that there is a conspiracy to impeach him as tax collector without due process "because he is Jewish." Dkt. No. 2 at ECF p. 3 (emphasis omitted). Mr. Cutler claims that "[b]oth East Lampeter Township and Lancaster County have filed fraudulent Municipal Liens against" him and that they "have willfully denied full compensation of postage and printing during Mr. Cutler's entire term since January 2014." Id. at ECF p. 2. He contends that on February 10, 2016, "the office of the Lancaster County Treasurer (Amber Green) refused to accept funds from the Tax Collector of East Lampeter Township, in clear violation of her oath of office and Pennsylvania law." Id. at ECF p. 2-3 (capitalization omitted).

Mr. Cutler also contends that defendant Hutchinson "ordered the suspension of access to DEVNET by Jeffrey Cutler[,] obstructing him from doing his legally elected position . . . without due process or court order." Id. at ECF p. 3 (emphasis and capitalization omitted). He alleges that without access to DEVNET, "he cannot access information about official information of previous payments of taxes and issue copies of official receipts so taxpayers can get rebates for

---

[4]     In deciding defendants' motions to dismiss the Court may consider documents relevant to plaintiff's claims which are "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006), quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004) (internal quotation marks and citations omitted).

their real estate payments." Id. at ECF p. 7. Mr. Cutler contends that he "had reported validation

flaws of the DEVNET system to the office of the Auditor General, and thus qualifies under the

whistleblower provisions of federal law and Pennsylvania Whistleblower Law, 43 Pa. C. S.

§§ 1421-1428." Dkt No. 2 at ECF p. 3.

Mr. Cutler alleges that "[u]nknown female individuals from the office of the Treasurer,

intimidated [his] deputy Tax Collector to resign on February 7, 2017. Id. at ECF p. 7. He

alleges that on February 15, 2017, "the office of the Lancaster County Treasurer was emailed a

request asking if someone in that office would perform the duties of the deputy Tax Collector."

Id. He also alleges that "[b]ased on a newspaper advertisement the East Lampeter Supervisors

tried to designate the Lancaster County Office of Treasurer to collect real estate taxes for

2017 . . . ." Id.

Mr. Cutler complains about the actions undertaken by Judge Margaret Miller in the

mandamus action. Id. at ECF p. 1-2. He contends that, after a secret hearing" on March 7, 2017,

id. at ECF p. 1 (emphasis in original), Judge Miller "ma[d]e a ruling outside of the Pennsylvania

Supreme Court . . . even though she heard Mr. Cutler state that the case was now in the

Pennsylvania Supreme Court . . . ." Id. at ECF p. 2. He alleges that "[o]n March 8, 2017 the

Lancaster County Commissioners held a meeting to authorize the solicitor of Lancaster County

to intervene in" the mandamus action. Id. at ECF p. 1-2.

On March 10, 2017, East Lampeter Township filed a petition in the Lancaster County

matter seeking a special injunction and to supplement the record. Dkt. No. 14-2 at ECF p. 2-3,

citing Dkt. No. 14-1 at ECF p. 43 (Hutchinson Ex. B). Judge Miller held a hearing on the

petition at which Mr. Cutler was present on March 17, 2017. Dkt. No. 14-1 at ECF p. 74

(Hutchinson Ex. H, transcript of March 17, 2017 hearing). After the hearing, Judge Miller

entered an Order which, inter alia, required Fulton Bank to "continue to freeze Defendant Jeffrey

Cutler's Tax Collector Account," enjoined Mr. Cutler "from performing any duties as Tax

Collector for East Lampeter Township," and required Mr. Cutler to "deliver all books and

records associated with his tax collection duties to the Lancaster County Controller within ten

(10) days of the date of th[e] Order."  Dkt. No. 3 at ECF p. 31-32.

In his amended complaint, Mr. Cutler asks this Court to, inter alia, "Order Judge

Miller . . . to Cease and Desist any effort to rule on case Cl-15-0524 and disclose all

conversations, meeting minutes and parties involved in trying to circumvent the Pennsylvania

Supreme Court and violate Mr. Cutler's civil rights."  Dkt. No. 2 at ECF p. 9.  He also contends

that Judge Miller had no legal authority to enter an order allowing his counsel to stop

representing him and asks this Court to order Judge Miller to vacate that order.  Id.

Mr. Cutler also asks the Court to

> [r]einstate Mr. Cutler's access to the Devnet system and penalize
> Lancaster County/Amber Green a One Million Dollar per day
> penalty until access is granted, just like the other Tax Collectors
> of Lancaster County, or conversely designate someone in the office to
> assist with these duties until the case is settled in the Pennsylvania
> Supreme Court.

Id.  He asks the court to "[o]rder Lancaster County/Amber green to reveal any willful effort to

delete records entered by Mr. Cutler in the DEVNET system and all meetings and conversations

with anyone in support of this effort."  Id. at ECF p. 10.  He also asks the Court to "[o]rder all

parties in this case to swear they have no knowledge of any Anti-Jewish activity that occurred in

Pennsylvania after Mr. Cutler's case was docketed for the Pennsylvania Supreme Court."  Id. at

ECF p. 9.

On March 22, 2017, this Court denied plaintiff's "emergency motion to vacate order and

summary judgment."  See Dkt. Nos. 4 and 5.  The Court explained that, "[t]o the extent that

plaintiff s motion asks me to undo certain decisions of the Lancaster County Court of Common Pleas in the case brought against him by East Lampeter Township, I must abstain under Younger v. Harris, 401 U.S. 37 (1971) . . . ."  Dkt. No. 5 at ECF p. 3.

Thereafter, on April 6, 2017, Ralph Hutchinson filed his motion to dismiss Mr. Cutler's complaint, Dkt. No. 14, and on April 10, the Honorable Margaret Miller also filed her motion to dismiss.  Dkt. No. 19.  Also on April 10, 2017, the Court denied plaintiff's March 27, 2017 motion "for reconsideration of the emergency motion to vacate order and summary judgment for extr[a]ordinary circumstances" [sic], Dkt. No. 7, and, to the extent that it could also be construed as a motion, the "addendum" that Mr. Cutler filed on April 3, 2017, Dkt. No. 8.  In denying Mr. Cutler's motion for reconsideration, the Court explained that Mr. Cutler gave the Court "no reason to reconsider my previous determination that all three Younger elements are met, I must abstain and therefore cannot grant plaintiff the relief he seeks in his emergency motion."  Dkt. No. 20 at ECF p. 2 (internal quotation omitted).

On April 20, 2017, Mr. Cutler filed his first motion seeking to combine cases and also seeking summary judgment (although discovery has yet to be conducted in this matter).  Dkt. No. 21.  The caption of plaintiff's April 20 filing references the criminal matter United States v. Rufus Seth Williams, No. 17-CR-00137 (E.D. Pa.).  See Dkt. No. 21.  He asks that his case "be combined with case 2:17-cv-00984, and the same jury," asserting that both cases "involve removal of elected officials and 18 U.S.C. § 1346, Honest Services Fraud."  Dkt. No. 21 at ECF p. 5.  Mr. Cutler's motion seeking to combine his case with the case against Mr. Williams asks the Court to, inter alia, "[d]eclare that the Pennsylvania Real Estate Tax System is NOT UNIFORM and violates the Constitution of Pennsylvania."  Id. at ECF p. 7 (capitalization in original).  Mr. Cutler also asks for "documentation . . . of how much all police salary costs and

legal fees have been to date, and list all police officers involved, in all jurisdictions including the Pennsylvania State Police on 10JANUARY2015 used to try to change the outcome of a certified election because Mr. Cutler is Jewish."[5] Id. at ECF p. 8.

Mr. Cutler's second motion to combine cases and summary judgment, filed on May 11, 2017, references Case Number 1:17-cv-02726 in its title. Dkt. No. 32 at ECF p. 1. No such case exists to date on the docket for the United States District Court for the District of Pennsylvania. Mr. Cutler asserts that "[c]ase 1:17-cv-02726 and case number 2:17-cr-00137 involve George Soros influence meddling." Indeed, among the attachments to Mr. Cutler's second motion to combine is a Clerk's Office form for the United States District Court for the District of Columbia in which he appears to attempt to notify this Court that his case is related to BSG Resources (Guinea) et al. v. George Soros and Open Society Foundations, (S.D.N.Y. No. 17-02726). See Dkt. No. 32-2 at ECF p. 3. A copy of the complaint in that action is attached to Mr. Cutler's filing. See Dkt. No. 32-2 at ECF p. 5. Mr. Cutler does not explain the relationship between his claims and the case in the Southern District of New York.[6]

_____

[5]     Mr. Cutler's first motion to combine cases also includes a number of unusual requests. For example, he asks the Court to "[o]rder East Lampeter Township to pay for Health Care Insurance of Tax Collector in compliance with the Affordable Care Act, since the filing of all the legal challenges by East Lampeter Township makes the office of Tax Collector a full time job exceeding 40 hours per week." Dkt. No. 21 at ECF p. 7. He asks for "discovery to not be limited to an arbitrary period but no longer than the discovery period of the emails in the server incident of Hillary Clinton." Id. Mr. Cutler also asks the Court to "[o]rder East Lampeter Township to turn over all records of all persons or agents (Paid and Unpaid) and list all violations of Mr. Cutler's [F]ourth [A]mendment right including the tampering and administration of any drugs to Mr. Cutler." Id. at ECF p. 8. His motion requests that the Court "[o]rder the United States Government to stop collecting or accessing [sic] penalties for failure to comply with established tenets or teachings of such sect or division of any religion in violation of the U.S. Constitution amendment 1." Id. (emphasis omitted). Mr. Cutler reiterates these unusual requests in his subsequent motions seeking to combine his case with other cases. See Dkt. No. 32-1; Dkt. No. 35 at ECF p. 9-12; Dkt. No. 37 at ECF p. 10-13.

[6]     Instead of explaining a link between his claims and the case against Mr. Soros, Mr. Cutler's motion makes the assertion that "[t]he director of the FBI was terminated by an

On May 26, 2017, defendants Christina Hausner and Amber Green also filed motions seeking to dismiss Mr. Cutler's claims.[7] Dkt. No. 31. Thereafter, on June 1, 2017, Mr. Cutler filed his third motion to combine cases and summary judgment. Dkt. No. 35. The motion references case number 0:16-cv-61511 in its title. Id. at ECF p. 2. Again, no such case exists on the docket for the United States District Court for the Eastern District of Pennsylvania. Instead, Mr. Cutler's motion attaches a copy of a class action complaint in Wilding vs. DNC Services Corporation (S.D. Fla. No. 0:16-cv-61511). See Dkt. No. 35 at ECF p. 26-60. Mr. Cutler does not explain any relationship between his claims and the claims of plaintiffs Carol Wilding, et. al against the defendants DNC Services Corporation d/b/a Democratic National Committee and Deborah "Debbie" Wasserman Schultz.[8]

---

order of the president in part for making false statements to congress while under oath." Dkt. No. 32 at ECF p. 5 (emphasis omitted).

[7] Hausner and Green filed a joint Waiver of the Service of Summons with the Court on April 4, 2017. Dkt. No. 11. On April 6, 2017, Mr. Cutler filed a document titled "Affidavit of Service and Notice of Fraud on the Court," in which he claims that "at no time did [he] send a request of Waiver of Service to Anyone." Dkt. No. 18 at ECF p. 1. He asserts that Hausner and Green's waiver of service "is aimed solely at delaying these proceedings and represents fraudulent testimony and also represents a fraud on the Court." Dkt. No. 18 at ECF p.1. Mr. Cutler's filing sought an immediate judgment from the Court or hearing of oral arguments. Id.

Although Rule 4 of the Federal Rules of Civil Procedure does not explicitly state that a defendant may waive service in the absence of a request from a plaintiff for a waiver, Rule 4(d)(1) does provide, in relevant part, that "[a]n individual . . . that is subject to service under Rule 4(d) . . . has a duty to avoid unnecessary expenses of serving the summons." Rule 4(d)(3) thus provides that "a defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or 90 days after it was sent to the defendant outside any judicial district of the United States." According to the Waiver of Service filed by Hausner and Green, they should have filed and served an answer or a motion under Rule 12 within 60 days from March 27, 2017 (i.e., on or before May 26, 2017). Id. Because Hausner and Green responded to Mr. Cutler's amended complaint with their May 26, 2017 motion to dismiss, the Court declines to entertain Mr. Cutler's contention that their filing of a waiver of service constituted a fraud on the Court and will instead consider the arguments that Hausner and Green make in their motion.

[8] Instead, Mr. Cutler's motion makes rambling assertions such as the following:

Mr. Cutler contacted Pennsylvania Attorney General's Office by

Mr. Cutler's fourth motion seeking to combine his case with another case, filed on June 15, 2017, asks the Court to combine his case with another case filed in the District Court for the District of Columbia: Montgomery v. Comey, (D.D.C. No. 17-1074). See Dkt. No. 37 at ECF p. 30. In the motion, he also asks for a default judgment against defendant WGAL. Id. at ECF p. 1. Mr. Cutler does not explain the relationship between his claims and the claims asserted in Montgomery, a case in which the plaintiffs allege that they have been the targets of illegal spying and surveillance by the Federal Bureau of Investigation. See id. at ECF p. 30 (attaching the complaint filed in the case brought by Dennis Montgomery and Larry Klayman against James Comey, the Federal Bureau of Investigation and others in the District Court for the District of Columbia in which the plaintiffs allege that they have "been the targets of illegal spying and surveillance"). Instead, Mr. Cutler argues, among other things, that "he is just trying to connect the dots for the Justice System and protect the constitution of the United States as required by his Oath of office." Dkt. No. 37 at ECF p. 7. He asserts that "[t]he FBI and others appear to be actively preventing our government from following the constitution and trying to obstruct the

_____

> phone again during the week on May 29, 2017 and was told they rarely intervene in any cases. However Josh Shapiro recently filed manslaughter charges against the engineer of Amtrak Train 188 which derailed on May 12, 2015, even though the Philadelphia District Attorney's office had declined to pursue any charges. Mr. Cutler had been in Washington at the hearing for case 14-5183 at the United States Court of Appeals and purchased a round trip ticket via Amtrak Terminal with an American Express credit card that morning. NBC and CBS located and interviewed a different Jeffrey Cutler that was on the derailed train.

Dkt. No. 35 at ECF p. 7. He also asserts that he "had been in contact with an agent of the FBI and the office of the Philadelphia District Attorney by email, mail and in person. The representative of the FBI requested Mr. Cutler stop including him and the office of the Philadelphia District Attorney on the email chains." Id. at ECF p. 7-8. He contends that a "Mr. Robert Needle's funeral was May 4, 2017 in Philadelphia, even though he died unexpectedly in Florida." Id. at ECF p. 8. The relevance of Mr. Cutler's statements to his claims in the present litigation is unclear to the Court.

president including WGAL and NBC." Id.

**DISCUSSION**

**I.     Mr. Cutler's Motions**

**        A.     Motions to Combine Cases**

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions that "involve a common question of law or fact". Fed. R. Civ. P. 42(a). "Consolidation must be denied if there is no common issue tying the cases together." McClenaghan v. Turi, Nos. 09–5497 and 11–3761, 2011 WL 4346339, at *1 (E.D. Pa. Sept. 16, 2011). Although Mr. Cutler has filed motions seeking to consolidate this action with at least four other cases, he has not identified any common questions of law or fact between his action – a civil lawsuit regarding an alleged conspiracy to remove him from his position as the East Lampeter Township Tax collector and the other actions he has identified. Specifically, Mr. Cutler has not set forth any argument that would require this Court to combine his case with the United States' criminal prosecution of Philadelphia District Attorney Rufus Seth Williams. Nor has Mr. Cutler set forth any argument this would require this Court to combine his case with BSG Resources' complaint in the Southern District of New York against George Soros for tortious interference with contract and conspiracy related to the mining of iron ore in the Simandou mountain range in the African Nation of Guinea. Likewise, Mr. Cutler provides no rational explanation as to why his complaint should be consolidated with the Wilding class action which, inter alia, asserts claims for fraud and negligent misrepresentation against the Democratic National Committee on behalf of a class of people who contributed to the Democratic National Committee and to Senator Bernie Sanders' presidential campaign. Finally, Mr. Cutler has not provided any explanation for how his claims are related to the claims regarding alleged illegal surveillance that are set forth in the

Montgomery case.  See Dkt. No. 37 at ECF p. 30.  Because the cases Mr. Cutler seeks to combine involve different parties and are based on entirely different occurrences, factual allegations and legal theories, the Court will deny Mr. Cutler's motions to the extent that he seeks to combine his case with the Williams matter, the BSG Resources matter, the Wilding matter or the Montgomery matter.

## B.    Motions for Summary Judgment

Mr. Cutler's motions also demand summary judgment in his favor.  Summary judgment is warranted when the movant establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56.  Mr. Cutler's numerous filings to date provide no evidentiary support for his position that any defendant participated in a conspiracy to remove him from his position as the East Lampeter Township Tax Collector.  Even if they did, "[t]he court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  Dowling v. City of Phila., 855 F.2d 136, 139 (3d Cir. 1988).  Defendants have not had any such opportunity here, as no discovery has been conducted in this case.  Further, in ruling on Mr. Cutler's summary judgment motions, the Court "must view the facts in the light most favorable to the non-moving part[ies] and must make all reasonable inferences in [their] favor."  Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).  Viewing the facts here in the light most favorable to defendants, it is clear that material questions of fact persist with respect to Mr. Cutler's claims.  It follows that the Court will deny Mr. Cutler's motions to the extent that he seeks summary judgment in his favor.

## C.    Motion for Default Judgment

In his latest motion, Mr. Cutler asks the Court to enter a "judgment by default" (capitalization omitted), arguing that a summons and complaint have been duly served on the

Defendant WGAL, who has "made no attempt to render any defense on this case." Dkt. No. 37 at ECF p. 1. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, a default cannot be entered if there has not been proper service. See WM Capital Partners XXXIV, LLC v. Bartholomew, No. 15-06225, 2017 WL 118110, at *3 (E.D. Pa. Jan. 12, 2017) ("[B]efore a court can enter a default judgment, a plaintiff must present evidence of: (1) the court's basis of personal jurisdiction over defaulting defendants; (2) proper service of process upon defaulting defendants; (3) facts necessary to state a cause of action; and (4) the amount claimed in damages.") (citation omitted).

Mr. Cutler argues that "WGAL/Ron Martin were properly notified about this case and have failed to respond in any fashion to the notice made on April 19, 2017, and filed April 2017." Dkt. No. 37 at ECF p. 7. But Mr. Cutler has not yet provided the Court with proper proof of service of his complaint or amended complaint on defendant WGAL (or, for that matter, on defendant Martin). Rather, as proof of service, Mr. Cutler has filed an affidavit dated April 25, 2017 in which Mr. Cutler himself states that he "paid an individual that is a United States citizen and over 18 years old, Joseph Martin to serve 2 summons and a copy of the complaint to WGAL at their Lancaster County Office on 19APR2017 and witnessed the corrected proper service." Dkt. No. 25 at ECF p. 1. Rule 4(l)(1) of the Federal Rules of Civil Procedure provides that "[u]nless service is waived, proof of service must be made to the court," and, importantly, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1) (emphasis added). The affidavit at docket number 25, which is executed by Mr. Cutler, is not sufficient under Rule 4(l)(1). To show that WGAL was properly served, Mr. Cutler must submit an affidavit of service from

Joseph Martin, his own affidavit does not suffice. Absent proof of proper service, entry of a default judgment in Mr. Cutler's favor is not warranted.

## II.     Motions to Dismiss

Mr. Cutler's arguments ultimately fare no better against the motions to dismiss by defendants Hutchinson, Judge Miller, Green and Hausner for the reasons that follow.

### A.     Standard of Review[9]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible."' Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679, quoting Fed. R. Civ. P. 8(a)(2). In evaluating defendants' motions, the Court must separate the legal and factual elements of plaintiff's claims, accept the well-pleaded factual allegations as true and disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Where, as here, plaintiff is proceeding pro

---

[9]     Although he is proceeding pro se, Mr. Cutler paid the filing fee, Dkt. No. 1, and thus, "the standard for dismissal of a complaint as 'frivolous' under the in forma pauperis statute, . . . does not apply to" Mr. Cutler's claims. DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009).

se, the Court has "an obligation to construe the complaint liberally." <u>Giles v. Kearney</u>, 571 F.3d 318, 322 (3d Cir. 2009). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013).

Further, Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) challenges the power of a federal court to hear a claim or case. <u>See</u> <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294, 302 (3d Cir. 2006). As plaintiff, Mr. Cutler bears the burden of persuasion when subject matter jurisdiction is challenged. <u>Kehr Packages v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991). "A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction." <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual attack, a court may consider evidence outside the pleadings. <u>Id.</u> When a motion presents a facial attack on a plaintiff's claims, the Court must assume that the plaintiff's allegations are true and consider whether "the pleadings fail to present an action or claim within the court's jurisdiction." <u>Hall v. Easton Area Sch. Dist.</u>, No. 10-7603, 2012 WL 526287, at *2 (E.D. Pa. Feb. 17, 2012), <u>citing</u> <u>Mortenson v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).

Additionally, dismissal may be warranted under Rule 12(b)(5) of the Federal Rules of Civil Procedure when a defendant has not been served in accordance with Rule 4(m). "Service of process is a requisite to the court's personal jurisdiction over a defendant and to any valid judgment entered against that party." <u>Ghost v. Victory Recovery Serv., Inc.</u>, 14-215, 2014 WL 1515700, at *1 (E.D. Pa. Apr. 17, 2014), <u>citing</u> <u>Lampe v. Xouth, Inc.</u>, 952 F.2d 697, 700-01 (3d Cir. 1991). The party asserting the validity of service bears the burden of proof on that issue.

<u>Grand Entm't. Grp., Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d, 476, 488 (3d Cir. 1993).

**B.     Failure to Serve**

To start, Judge Miller argues that dismissal of Mr. Cutler's claims against her is warranted under Rule 12(b)(5) of the Federal Rules of Civil Procedure because she has not been properly served with a summons and complaint.  Dkt. No. 19 at ECF p. 15.  Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action <u>without</u> prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff's complaint was filed on March 3, 2017, now more than 90 days ago.  To date, Mr. Cutler's documented attempts to serve Judge Miller with his complaint have been insufficient.  Although his affidavit of service asserts that he attempted to serve Judge Miller by mailing "the proper documents" to Christina Hausner, Lancaster County Solicitor.  Dkt. No. 18, Ex. B, service by mail is not permitted in this case.  <u>See</u> Pa. R. Civ. P. 403 (permitting service of original process by mail when authorized by another rule of civil procedure, but Mr. Cutler has not directed the Court to any such rule of civil procedure which applies to this matter).  Plaintiff also contends that he attempted to serve Judge Miller at a hearing on March 17, 2017.  <u>See</u> Dkt. No. 18, Ex. B ("I put the proper documents in front of Judge Margaret Miller on her bench").  But because he is a party to the litigation, Mr. Cutler cannot himself serve a summons and a complaint on Judge Miller.  Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and <u>not a party</u> may serve a summons and complaint.") (emphasis added).  Because Mr. Cutler has not met his burden to demonstrate that Judge Miller has been properly served with his complaint, dismissal of his claims against her is warranted under Rule 12(b)(5), albeit such dismissal would

be without prejudice.  See Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992) (holding

that "dismissals under Fed. R. Civ. P. . . 12(b)(5) must be entered without prejudice").[10]

### C.  Younger Abstention[11]

In her motion, Judge Miller also argues that pending the adjudication of Mr. Cutler's

concerns in the state court system, the doctrine of Younger abstention bars the Court's

consideration of his claims against her.  Likewise, defendant Hutchinson contends that "the

Court is barred from enjo[in]ing the Action in Mandamus filed by East Lampeter Township . . .

under Younger as no extraordinary circumstances are present."  Dkt. No. 14-2 at ECF p. 9-10.

Defendants Green and Hausner also argue that Younger abstention bars Mr. Cutler's claims,

because he "seek[s] to enjoin the ongoing state court proceedings in East Lampeter Township v.

Jeffrey Cutler . . . ."  Dkt. No. 34 at ECF p. 7.  The Court agrees that, to the extent that plaintiff's

complaint asks me to undo certain decisions of the Lancaster County Court of Common Pleas in

the case brought against him by East Lampeter Township, Younger requires the Court to abstain

from action.

---

[10]      Similarly, as is further set forth above, Mr. Cutler has not provided the Court with
proper proof of service of his complaint or amended complaint on defendant WGAL or Ron
Martin, nor has he established service on the otherwise unnamed "selected Pennsylvania Public
Officials (both elected and non-elected)."  Unlike Judge Miller, however, to date none of these
defendants have moved to dismiss Mr. Cutler's complaint (nor have they otherwise responded to
Mr. Cutler's claims).  Absent a motion, the Court cannot dismiss Mr. Cutler's claims against
these defendants solely on the basis of his failure to serve without first providing notice to Mr.
Cutler that his failure to serve these defendants will result in the dismissal of his claims against
them without prejudice.  See Fed. R. Civ. P. 4(m).  Regardless, as is further set forth below, the
Court finds that dismissal of Mr. Cutler's claims against these defendants is warranted for other
reasons.
[11]      "A Younger analysis is not strictly within either Rule 12(b)(1) or Rule 12(b)(6)."
Tobia v. Lakewood Bd. of Educ., No. 16-4850, 2017 WL 1206010, at *3 (D.N.J. Mar. 31, 2017).
However, the Court of Appeals has explained that "[d]ismissal on abstention grounds without
retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)," and that
matters outside of the pleadings are not to be considered in making such a determination.
Gwynedd Properties, Inc. v. Lower Gwynedd Twp, 970 F.2d 1195, 1206 n. 18 (3d Cir. 1992).

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts must abstain from, and therefore dismiss, claims otherwise within the scope of federal jurisdiction when "exceptional circumstances . . . justify a federal court's refusal to decide a case in deference to the States." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (U.S. 2013) (internal quotation marks omitted). Such "exceptional circumstances" are found when an underlying state proceeding fits into one of three categories: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," or (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 588 (internal quotation marks removed). Judge Miller argues that "[t]he state mandamus action over which [she] presides clearly falls under the second category of cases for which Younger abstention is required: civil enforcement proceedings." Dkt. No. 19 at ECF p. 7. Cases fall in this category if they exhibit one or more of the following characteristics: "(1) the action was commenced by the State in its sovereign capacity, (2) the proceeding was initiated to sanction the federal plaintiff for some wrongful act, and (3) there are other similarities to criminal actions, such as a preliminary investigation that culminated with the filing of formal charges." ACRA Turf Club, LLC, v. Zanzuccki, 784 F.3d 127, 138 (3d Cir. 2014), citing Sprint, 134 S. Ct. at 592. As Judge Miller contends, the mandamus action constitutes a civil enforcement proceeding, as it was initiated in response to Mr. Cutler's alleged misconduct as the elected tax collector of East Lampeter Township – alleged misconduct which was discovered as the result of a preliminary investigation regarding perceived shortfalls in tax collection revenue – and the preliminary investigation resulted in the filing of a formal complaint against Mr. Cutler. See Dkt. No. 19 at ECF p. 7.

Further, as the Court has previously held, see Dkt. No. 5 at ECF p. 4-5, important state

interests are implicated in the state proceeding regarding Mr. Cutler's alleged misconduct, the state court matter was ongoing when he brought this action, and the proceeding provides Mr. Cutler with a sufficient opportunity to raise the claims which he asserts in this action. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (setting forth factors required for Younger abstention to apply). Further, Mr. Cutler has not shown that any of the four exceptions that make abstention inappropriate apply to his claims. In other words, he has not demonstrated that: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230 (1972), citing Younger v. Harris, 401 U.S. 37, 46–54 (1971). Under the circumstances, Younger abstention is proper and the Court must abstain from, and therefore dismiss, Mr. Cutler's claims against Judge Miller and defendants Hutchinson, Green and Hausner to the extent that his claims ask me to undo certain decisions of the Lancaster County Court of Common Pleas in the case brought against him by East Lampeter Township.

### D. Immunity

#### 1. Judge Miller

Even if the Court were not to abstain under Younger, the Eleventh Amendment to the United States Constitution bars Mr. Cutler's claims against Judge Miller to the extent that they are for actions she took in her official capacity. See Dkt. No. 19 at ECF p. 9 (raising the Eleventh Amendment as a defense to plaintiff's claims). Such claims are effectively claims against the Court of Common Pleas of Lancaster County. See Hafer v. Melo, 502 U.S. 21, 26 (1991) ("the real party in interest in an official-capacity suit is the governmental entity and not the named official"). "[T]he Court of Common Pleas is an entity of the Unified Judicial System

of Pennsylvania, and as such, it is an instrumentality of the Commonwealth." Harter v. Cnty. of Washington, No. 11-588, 2012 WL 1032478, at *3 (W.D. Pa. Mar. 27, 2012), citing Banks v. Ct. of Comm. Pleas FJD, 342 F. App'x 818, 820 (3d Cir., Aug.17, 2009). "The Eleventh Amendment . . . protects an unconsenting state or state agency from a suit brought in federal court, regardless of the relief sought." Capogrosso v. The Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009). Because Pennsylvania has not waived its immunity under the Eleventh Amendment, 42 Pa. C.S. § 8521(b) (expressly reserving immunity), any official capacity claims against Judge Miller cannot withstand her motion to dismiss.

Also, to the extent plaintiff asserts his claims against Judge Miller in her individual capacity, such claims cannot proceed because judicial immunity provides judges with "an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). As Judge Miller argues, Mr. Cutler's claims against her "only concern[ ] actions she took as a judge." Dkt. No. 19 at ECF p. 10. Only two circumstances bar the application of judicial immunity to a plaintiff's claims against a judge: (1) "a judge is not immune from liability for nonjudicial actions"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12. Immunity applies even if the actions complained of are alleged to have been in error, performed with malice, or in excess of the judge's authority, Stump v. Sparkman, 435 U.S. 349, 362, (1978), or if the judge's actions are claimed to have been performed as a result of an alleged conspiracy with others. Dennis v. Sparks, 449 U.S. 24, 30 (1980). There is no question that plaintiff is suing Judge Miller based on acts she took in her judicial capacity. Likewise, Mr. Cutler has not shown that Judge Miller lacked jurisdiction in the state mandamus action against him.[12] Thus, the Court finds that

_____

[12]    To the extent that Mr. Cutler argues that Judge Miller exceeded her jurisdiction by

dismissal of Mr. Cutler's individual capacity claims against Judge Miller is also warranted

because they are barred by judicial immunity.

### 2.     Hausner

Also beyond the doctrine of <u>Younger</u> abstention, Defendant Hausner contends she "is

immune from suit pursuant to the judicial privilege . . . ." Dkt. No. 34 at ECF p. 11. However,

the privilege she cites is not the same as the absolute immunity from liability that applies to

protect Judge Miller from Mr. Cutler's Section 1983 claims in this action and it does not appear

to provide the protection which Hausner claims. <u>See id.</u>, <u>citing</u> <u>Bochetto v. Gibson</u>, 860 A.2d 67,

71 (Pa. 2004) (a case which applies the privilege in the context of a defamation claim). "The

judicial privilege—often referred to, in Pennsylvania, as 'judicial immunity' – extends to

communications which are issued in the regular course of judicial proceedings and which are

pertinent and material to the redress or relief sought." <u>Gen. Refractories Co. v. Fireman's Fund</u>

<u>Ins. Co.</u>, 337 F.3d 297, 311 (3d Cir. 2003) (internal quotation omitted). It has been held that this

doctrine cannot apply to protect a defendant from a plaintiff's claims under Section 1983 because

"state common law cannot provide a defense to a federal cause of action." <u>Advantage Point, L.P.</u>

<u>v. Borough of Kutztown</u>, No. 5:14-CV-05517, 2016 WL 6915318, at *14 n.15 (E.D. Pa. Mar. 25,

2016) (citation omitted); <u>see</u> <u>Agresta v. Goode</u>, 797 F. Supp. 399, 405 (E.D. Pa. 1992)

("Extension of the judicial privilege to section 1983 actions would effect a substantial

enlargement of official immunity in the section 1983 context."); <u>see also</u> <u>Lin v. Rohm & Haas</u>

---

continuing to preside over the mandamus action after he sought relief in the Pennsylvania
Supreme Court. <u>See</u> Dkt. No. 2 at ECF p. 2 (asserting that the Supreme Court of Pennsylvania
had moved the mandamus action "to their jurisdiction'), Judge Miller would still be immune
from his claims, as judges are "absolutely immune from liability for [their] judicial acts even if
[their] exercise of authority is flawed by the commission of grave procedural errors." <u>Stump</u>,
435 U.S. at 359. And, as Judge Miller contends, her actions do not constitute any such error, as
"the Pennsylvania Supreme Court has not issued a stay of the mandamus action." Dkt. No. 19 at
ECF p. 11.

Co., No. 11- 3158, 2014 WL 3509982, at *1 (E.D. Pa. July 16, 2014) ("extensions of the privilege beyond defamation and libel should be based chiefly on whether extension would serve the policy goals of the privilege").  The Court declines to dismiss Mr. Cutler's claims against Hausner on the basis of Pennsylvania's judicial privilege doctrine.  This does not, however, mean that his claims survive her motion to dismiss, as they are barred by Younger, as is set forth above, and because he has failed to state a claim upon which relief can be granted, as is further set forth below.

### 3. Green

Green argues that Mr. Cutler's claims against her "should be dismissed on the basis of qualified immunity" because all of his claims against her "arise from her performance of discretionary functions as the Lancaster County Treasurer."  Dkt. No. 34 at ECF p. 11.  "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  However, the Court of Appeals has "caution[ed] . . . that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases."  Newland v. Reehorst, 328 F. App'x 788, 791 n. 3 (3d Cir. 2009).

Mr. Cutler's amended complaint alleges that Green "refused to accept funds from the Tax Collector of East Lampeter Township" and that her conduct violated her oath of office and Pennsylvania law.  Dkt. No. 2 at ECF p. 2.  Green responds that her actions were "objectively reasonable under the circumstances" as they were taken in compliance with Court Orders in the mandamus action.  Dkt. No. 34 at ECF p. 11.  The Court finds that without further development

-21-

of the underlying factual circumstances, it would be inappropriate at this juncture to dismiss Mr.

Cutler's claims against Green based on a determination of qualified immunity. But this does not

mean that Mr. Cutler's claims against Green can proceed, as they are barred by <u>Younger</u> and, as

is further set forth below, Mr. Cutler has failed to state a claim upon which relief can be granted.

### E. Failure to State a Claim

Even assuming arguendo that <u>Younger</u> does not bar Mr. Cutler's claims in their entirety

(or that Judge Miller is not immune from suit), the Court finds that Mr. Cutler's claims are not

otherwise sufficient to withstand dismissal, as they are not plausible on their face. [13]

Hutchinson argues that Mr. Cutler fails to state a claim for "an illegal conspiracy by

Hutchinson, Green and Hurter [sic][14] to prevent Cutler from performing his duties as East

Lampeter Tax collector and [to] remove Cutler from this position." Dkt. No. 14-2 at ECF p. 14.

Citing the exhibits attached to Mr. Cutler's amended complaint, Hutchinson contends that the

"conspiracy" alleged by Mr. Cutler "in fact, is a lawful action for an action in mandamus filed by

East Lampeter Township in June 2015 . . . to compel [Mr. Cutler] to perform his duties as the

law required under 72 P.S. § 5511.1 et seq." <u>Id.</u> at ECF p. 15. Hutchinson argues that "there is

---

[13] "[T]he Court possesses the inherent power to sua sponte dismiss" Mr. Cutler's claims against the non-moving defendants who have not properly been served "where the claims are completely devoid of merit." <u>See</u> <u>Gochin v. Thomas Jefferson Univ.</u>, No. 16-6153, 2017 WL 2152177, at *1 (E.D. Pa. May 17, 2017). <u>Cf.</u> <u>Coulter v. Unknown Prob. Officer</u>, 562 F. App'x 87, 89 (3d Cir. 2014) (affirming district court's sua sponte dismissal of a non-moving defendant where the ground raised by the moving defendants were common to all defendants and the plaintiff had an opportunity to respond to the moving defendants' arguments); <u>Fleck v. Univ. of Pa.</u>, No. 12-3765, 2013 WL 12141349, at *7 (E.D. Pa. Feb. 20, 2013) (dismissing Equal Protection claim against non-moving defendants on the same grounds as the court dismissed the claim against the moving defendants); <u>see also</u> <u>Minnesota Lawyers Mut. Ins. Co. v. Ahrens</u>, 432 F. App'x 143, 147-48 (3d Cir. 2011) ("The district court may on its own initiative enter an order dismissing [an] action provided that the complaint affords a sufficient basis for the court's action.").

[14] Plaintiff's amended complaint references an individual named Brian Hurter, <u>see</u> Dkt. No. 2 at ECF p. 7, but he has not been named as a defendant.

no reasonable expectation that further discovery will reveal evidence of illegal agreement," noting that the docket in the underlying mandamus action "has been open for over six hundred and fifty days and counting." Dkt. No. 14-2 at ECF p. 15. Likewise, defendants Green and Hausner argue that plaintiff's amended complaint is insufficient to state a claim for conspiracy in violation of 42 U.S.C. Section 1983. Dkt. No. 34 at ECF p. 9-10. Judge Miller also argues that Mr. Cutler has not made "adequate factual allegations in speculating about a conspiracy." Dkt. No. 19 at ECF p. 14-15. The Court agrees with defendants' arguments.

"[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). To state a claim, Mr. Cutler's "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 555, here they are not.

Rather, Mr. Cutler's claims that defendants engaged in a conspiracy "to change the outcome of the election of November 2013 . . . after the election has taken place," Dkt. No. 2 at ECF p. 1, appear to "rely on fantastic scenarios lacking any arguable factual basis." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). In particular, the Court notes Mr. Cutler's rambling allegations regarding his challenge to "the constitutionality of the Affordable Care Act (OBAMACARE), both on its face and as applied to him and his constituents," Dkt. No. 2 at ECF p. 5, his allegation that "the government has made it legal to discriminate because of religion and how you pray, if it is not the preferred religion of those in office . . . ," id. at ECF p. 6 (emphasis omitted), and his broad claim that "[u]nknown persons are guilty of 18 U.S.C. § 1346, Honest Services Fraud, Obstruction of Justice, Tampering with Official documents, violations of 'Due

Process' and other violations of both Federal and Pennsylvania Law."  Id. at ECF p. 7.

Similarly, Mr. Cutler's assertions that:  (1) "[t]here has been a conspiracy to impeach the tax

collector without due process and because he is Jewish," Dkt. No. 2 at ECF p. 3 (emphasis and

capitalization omitted); (2) "[i]ndividuals that are not citizens of the United States are begin

provided more protection than actual citizens of the United States, and given much higher

priority in the courts," id. at ECF p 6; and (3) "[l]awyers are being coerced or intimidated to

poorly represent their clients and have them plead guilty," id. at ECF p. 4, are arguably

"allegations . . . so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly

insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to

discussion."  Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation

marks omitted).

     Mr. Cutler fails to plausibly plead a claim against any of the defendants.  "Civil rights

conspiracy claims that are based only on suspicion and speculation instead of fact do not state a

claim."  Jackson v. Gordon, 145 F. App'x 774, 778 (3d Cir. 2005).  Mr. Cutler makes no

allegations sufficient to support an inference that defendants entered into a conspiratorial

agreement or that there was an understanding among Defendants to violate his constitutional

rights.  It follows that Mr. Cutler's complaint should be dismissed.

### F.    Futility of Amendment

     Though Rule 15 of the Federal Rules of Civil Procedure dictates that "leave to amend

shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), "the grant or denial of an

opportunity to amend is within the discretion of the District Court . . . ."  Foman v. Davis, 371

U.S. 178, 182 (1962).  Amendment is futile when "the complaint, as amended, would fail to state

a claim upon which relief could be granted."  In re Merck & Co. Sec., Derivative, & ERISA

Litig., 493 F.3d 393, 400 (3d Cir. 2007); <u>see also</u> <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) ("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). Given that the <u>Younger</u> bars this Court from considering Mr. Cutler's claims and that his claims are otherwise implausible, it would be futile to permit further amendment of his claims. Mr. Cutler's action will be dismissed with prejudice.

An appropriate Order follows.